In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James A. MALONEY, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

James A. MALONEY, Respondent.

Supreme Court

*No. 04–1763–D. Decided September 1, 2004.*

2004 WI 122

(Also reported in 686 N.W.2d 148.)

The Court entered the following order on this date:

On July 1, 2004, the Office of Lawyer Regulation (OLR) filed a disciplinary complaint against Attorney James A. Maloney asking this court to impose reciprocal discipline identical to that imposed on him by the Illinois Supreme Court. That court struck Attorney Maloney's name from the Roll of Attorneys in that state based upon his disbarment by consent. On July 6, 2004, this court issued an order to show cause directing Attorney Maloney to show cause in writing by August 1, 2004 why the imposition of the identical discipline imposed by the Illinois Supreme Court would be unwarranted. Attorney Maloney responded with a petition for consensual license revocation under SCR 22.19 stating that he cannot successfully defend against the allegation that reciprocal, identical discipline should be imposed.

Attorney Maloney was admitted to practice law in Wisconsin and Illinois in 1992. In 2002, his Wisconsin law license was suspended for failure to pay annual State Bar dues. In 2003, his Wisconsin law license was suspended for failing to comply with continuing legal education requirements and remains suspended at this time.

The disbarment in Illinois resulted from misconduct involving: (1) the conversion of approximately $39,000 in client funds; (2) the neglect of various client matters which included in one instance the submission to the client of a fraudulent court order to conceal his inaction; (3) the failure to refund to a client $500 in unearned fees; and (4) a conflict of interest with a client with whom he used cocaine and engaged in a sexual relationship. Pursuant to OLR's complaint, Attorney

2

Maloney also failed to notify it of his Illinois disbarment within 20 days of its effective date in violation of SCR 22.22(1).

SCR 22.22(3) provides that this court shall impose the identical discipline imposed by another state unless the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a due process violation; there was such an infirmity of proof establishing the misconduct that this court should not accept as final the misconduct findings; or the misconduct justifies substantially different discipline here. Neither OLR nor Attorney Maloney contend, nor does this court find, that any of these three exceptions exist. In fact, Attorney Maloney's petition for consensual license revocation in response indicates that he has no successful defense to reciprocal discipline.

Accordingly,

IT IS ORDERED that the petition for consensual license revocation, based on the complaint of OLR for reciprocal discipline, is granted;

IT IS FURTHER ORDERED that the license of James A. Maloney to practice law in the State of Wisconsin is revoked, effective the date of this order;

IT IS FURTHER ORDERED that this revocation does not affect the existing suspensions for failure to pay dues to the State Bar of Wisconsin or failure to comply with CLE requirements which would also have to be satisfied in order for his license to practice law in Wisconsin to be reinstated; and

IT IS FURTHER ORDERED that he shall comply, if he has not already done so, with the requirements of SCR 22.26 pertaining to activities following revocation.